## FIRST NATIONAL BANK OF MISSOULA, APPELLANT, *v.* BAILEY, RESPONDENT.

[Submitted April 19, 1895.  Decided May 6, 1895.]

TAXATION—*Assessment list—Notice.*—The revenue act of 1891 (Second Session, page 75, §5) requires property to be assessed at its full cash value, and therefore, where a taxpayer returns to the assessor a list of property, from the total and apparent cash valuation of which he appears to have deducted one-third, the assessment of the property by the assessor in accordance with such total valuation is not an increase of the assessment list, nor would the taxpayer be entitled to notice that the assessor had not assessed the property at one-third less than its cash value, as returned, but had assessed it in the only manner permitted by law.

ON MOTION for rehearing.   Denied.   For former report see 15 Mont. 301.

*Marshall & Corbett,* for Appellant.

*Henri J. Haskell,* Attorney General, *J. M. Dixon* and *J. G. Denny,* for Respondent.

PEMBERTON, C. J.—Counsel, in their able argument and brief in support of the petition for a rehearing in this case, contend that the assessor changed or increased the assessment list returned by appellant without notice, and that such action on the part of the assessor was void, as to such increase in the assessment; and further that, notwithstanding this contention was not relied on in the court below or in this court on the original hearing, said contention may be presented on this pe-

tition for rehearing, as it is germane to the issues presented by the pleadings.

The list of property returned to the assessor is as follows:

| | |
|---|---:|
| Lots 6 and 7, block 1, Old Townsite addition | $ 1,000 00 |
| Lot 19, block 21, Higgins addition | 2,000 00 |
| Improvements on same | 2,000 00 |
| 78x118 feet, corner Front street and Higgins avenue | 10,000 00 |
| Improvements on same | 40,000 00 |
| Capital stock, 1,500 shares | 150 000 00 |
| Surplus and undivided profits | 320,000 00 |
| | $525,000 00 |
| Less real estate and improvements | 55,000 00 |
| | $470,000 00 |
| Less one-third | 156,660 00 |
| | $313,340 00 |

From an examination of this list, we think it clearly appears that the appellant fixed the real value of its property listed and returned to the assessor at $470,000, and not at $313,340, as claimed now for the first time. The appellant claimed, it is true, a deduction of one-third the value thereof, amounting to $156,660, as shown by said list. But did the claiming this deduction for assessment purposes change in any way the value of said property? The appellant was claiming something the law does not warrant, and something the law does not authorize the assessor to grant. The law requires the assessor to assess property "at its full cash value." (Act Concerning Revenue, Laws 1891, page 75, § 5.) The assessor did not change, alter or increase in any way whatever appellant's assessment list. It must be conceded that, when appellant returned its assessment list, it did not fix any fancy value upon its property, and then deduct one-third therefrom, in order to arrive at its full cash value. People dealing with assessors rarely put a greater value than the cash value on their property. The assessor did not increase the assessment of appellant. He assessed it in accordance with the list returned by the appellant. He did decline to assess it at one-third less than its cash value, as returned, and as claimed by appellant. But by so doing he did not change or increase the assessment. In doing

so he performed his duty, and was under no obligation to give the appellant notice that he had assessed its property in the only manner permitted by the law.

We are further of opinion that the contention insisted upon in support of the petition for a rehearing is not developed by any facts set forth in the pleadings. The complaint alleges the value of the property to be $470,000, without any suggestion that it was of less value. There is not an intimation in the complaint that the assessor, in assessing the property, changed or increased the value thereof, as returned in the list of appellant. Nothing of the kind was claimed or suggested by the original briefs or arguments in the case. The assessor assessed the property at its cash value, as shown by the list returned by appellant, and ignored its unwarranted claim of a deduction of one-third of the value thereof for assessment purposes. It is true, the assessment list of the appellant is made part of the complaint as an exhibit, but it is nowhere contended or intimated that it was intended to show that the assessor had changed or increased the value of appellant's property, in assessing it, either with or without notice.

The importance of this case, and the able brief and argument of counsel in support of the petition for rehearing, have led us to a careful consideration of the matters involved; and, after such consideration, we are of the opinion that the case was rightly determined, under the pleadings, on the original hearing, and that the conclusion therein reached should not be disturbed.

The petition for a rehearing is denied.

DE WITT and HUNT, JJ., concur.